### EVERETT v. MITCHELL.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

PRINCIPAL AND SURETY—RELEASE.

In a suit in a federal court against partners, complainant secured an order restraining defendants from manufacturing certain goods unless they executed a bond with sureties, conditioned to pay any ultimate recovery for goods so made and sold. They gave such a bond, with one M. and another as sureties. Thereafter complainant secured judgment in the suit, both against the partners, W. and J., for $650, and against J. individually for $1,865, both judgments including recoveries for sales after the bond was given. Between the giving of the bond and the recovery of judgment, complainant and the surety M., and one of the partners, W., made an agreement that W. should pay complainant $6,000 in full of all his claims against W. in that suit, the bond to remain in full force and effect as to all liability of the other partner. The $6,000 was paid, and the release executed. In an action by complainant against M., the surety, on the bond, to recover on account of the goods sold by J. individually, *held* that, as to that liability, defendant was not released.

Appeal from special term.

Action of William W. Everett against George H. B. Mitchell. From a judgment overruling a demurrer to the complaint, defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Edwards H. Childs, for appellant.

John Hunter, Jr., for respondent.

WILLIAMS, J.    The action was brought to recover on a bond against one of the sureties.    The ground of the demurrer was that the complaint did not state facts sufficient to constitute a cause of action.    The complaint alleged, in brief:    That the bond was made April 15, 1891.    That prior to that time an action was pending in the circuit court of the United States in favor of the plaintiff in this action, and against William L. Mitchell, John W. Haulenbeck, and Peter Haulenbeck, to restrain the infringement of letters patent, and to recover damages for infringement of such letters patent; and an order was made in such action restraining the defendant therein from manufacturing the goods which were alleged to be an infringement of the patent, unless the defendant should file and execute a bond for $1,000, with two sureties, conditioned for the payment of whatever might be ultimately recovered for such goods as should be thereafter manufactured or sold by defendants; and that in compliance with that order the bond in question was given, executed by the defendants in that action as principals, and the defendant in this action and one Charles F. Naething as sureties.    That the bond was joint and several, and conditioned as required by the order. That after the giving of the bond the plaintiff ultimately recovered against Haulenbeck & Mitchell as a firm a judgment, which included a recovery for goods manufactured after the bond was given, of $650.80, and a judgment against the defendant Haulenbeck individually, which included a recovery for goods manufactured after the bond was given, of $1,865.50.    That before the recovery of these judgments, and after the giving of the bond, and on the 9th day of September, 1895, a contract in writing and under seal was made between the plaintiff and the defendant in this action and Mitchell, as member of the firm of Mitchell & Haulenbeck, wherein it was agreed that Mitchell, of the firm of Mitchell & Haulenbeck, should pay to the plaintiff the sum of $6,000 on or before October 16, 1895, and the same should be accepted by the plaintiff in full payment and discharge of all claims which he had against the said Mitchell in that action over and above the amount secured by the bond, and the bond should remain in full force and effect, the same as though the agreement had not been made as to any and all individual liability or otherwise of the defendant John W. Haulenbeck.    That said Mitchell paid the plaintiff the $6,000 pursuant to the agreement, and was thereby discharged from all further liability under the judgment against him; and this defendant, as surety upon the bond, was discharged from all liability on the bond for goods manufactured by said firm of Mitchell & Haulenbeck.    The bond and agreement

were annexed to the complaint, and it was alleged there had been no payment of the $1,000 under the bond. The $6,000 was paid in settlement of and for the release of Mitchell from all liability in the action and under the judgment in the United States court. His liability there was a joint liability as co-partner with Haulenbeck. Whether he could make such a settlement, and procure his own discharge, without releasing Haulenbeck, it not appearing that the co-partnership had been dissolved (Code Civ. Proc. § 1942), is not material here. Assuming that he could not, and that all liability of the firm was thereby released as to both members of the firm, then the sureties on the bond were released from all liability for goods manufactured by the firm; that is, for the $650.80. They might still be liable for all goods manufactured by Haulenbeck individually; that is, for the $1,865.50,—a much larger amount than the $1,000 named in the bond. We can see no reason why this defendant was released from this liability. It was distinctly provided in the agreement, which he assented to under seal, that the bond should remain in full force as to the personal liability of Haulenbeck. The plaintiff never received anything on account of this liability. The $6,000 was paid in settlement of Mitchell's share of the firm's liability alone, which was alleged in the complaint to be in all $15,170.49, and we see no reason why the defendant, as surety, did not continue liable for the amount recovered for goods manufactured by Haulenbeck individually to the extent of $1,000 provided for by the bond. We cannot regard the agreement as incomplete and unperfected because the other surety's name was contained in it, and he failed to join in its execution. The complaint alleged that the agreement was duly entered into by the persons who did execute it, and this allegation was admitted by the demurrer. The mere fact that the name of the other surety was in the agreement, and that he did not join in the execution thereof, would not negative the allegation and the admission that the agreement was duly entered into by those who did execute it. Even if, by the making of the agreement, the other surety was released from all liability on the bond, the defendant would not thereby be also released, in whole or in part, from his individual several liability. Having joined him in the agreement, and consented to the release, the defendant could not be heard to claim he was released by the agreement, which expressly provided that the bonds should, notwithstanding the agreement, and the payment of the $6,000, and receipt of the same by the plaintiff, remain in full force as to the goods manufactured by Haulenbeck.

The demurrer was properly overruled, and the judgment should be affirmed, with costs, with leave to defendant to withdraw demurrer and answer, upon payment of costs in the court below and in this court. All concur.